# Henry H. Gage

## v.

## Christian C. Busse et al.

1. SETTING ASIDE TAX SALE—BURDEN OF PROOF.—In a proceeding to set aside a tax sale and for the cancellation of certificates of such sale, on the ground of a levy for an illegal purpose, the burden of proof is upon the complainant to sustain the allegation of an illegal levy.

2. EVIDENCE—SUFFICIENCY.—Where the only proof in support of the allegations in the bill that the levy was for an illegal purpose, was a transcript of the proceedings in county court upon judgment for delinquent taxes, and a copy of an opinion of the Supreme Court in a case between other parties, relating to the same levy, the evidence is not sufficient to sustain the averments of the bill.

3. TRANSCRIPT OF PROCEEDINGS IN COUNTY COURT.—The judgment of the county court in this case, had in proceedings for judgment for delinquent taxes, does not find that any of the illegal items complained of were included in the city tax; and the judgment appears to have been entered without appearance or objection by the complainants. Objections to the tax, made in such proceedings by others, cannot avail the complainants as proof of the averments in their bill.

4. OPINION OF SUPREME COURT—STATEMENT OF FACTS.—A statement of facts in an opinion of the Supreme Court, made in a case between other parties, if it can in any view be regarded as an adjudication upon matters of fact, is not binding upon the parties in this case.

5. OPINION OF SUPREME COURT NOT A JUDGMENT.—An opinion filed by a court upon the decision of any question pending upon it, is not a judgment, and becomes no part of the record; but is merely a statement or discussion of the grounds or principles upon which the judgment of the court is based.

6. RECITAL OF FACTS IN A DECREE.—Recitals in a decree constitute one of the recognized modes of preserving the evidence in chancery cases. Where, however, there is a certificate of evidence purporting to contain all the evidence, that alone will be regarded upon appeal, in considering the evidence in the case.

ERROR to the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding. Opinion filed November 8, 1880.

Mr. A. N. GAGE, for plaintiff in error; that county courts are courts of general jurisdiction in the matter of the sale of lands for delinquent taxes, cited Constitution, Art. VI, § 18; Graceland Cemetery v. The People, 92 Ill. 619.

Although a judgment for taxes may be defeated in a collateral action by proof of certain facts, yet where no attempt is made to prove those facts, the statute does not apply : Chestnut v. Marsh, 12 Ill. 173.

A judgment, though erroneous, is valid and binding until reversed or set aside by some appropriate remedy : Mayo v. Ah Loy, 32 Cal. 479; Porter v. Purdy, 29 N. Y. 106; People v. Brislin, 80 Ill. 423; C. & N. W. R. R. v. The People, 83 Ill. 467; Andrews v. The People, 84 Ill. 28; Graceland Cemetery v. The People, 92 Ill. 619.

Title acquired under a judicial sale cannot be questioned collaterally except for fraud in which the purchaser was a participant : Griffith v. Bogart, 18 How. 158.

This is a judgment *in rem* against the property : Rev. Stat. Chap. 120, § 191; Pidgeon v. The People, 36 Ill. 249; Chestnut v. Marsh, 12 Ill. 173; Spellman v. Curtenius, 12 Ill. 409; Olcott v. The People, 5 Gilm. 481; Brown v. Joliet, 22 Ill. 123; The People v. Nichols, 49 Ill. 517; St. John v. The City of East St. Louis, 50 Ill. 92; Atkins v. Hinman, 2 Gilm. 437.

And being *in rem*, it is binding on all the world : Starkie on Evidence, § 320; Wells on Res Adjudicata, 504; Cransdon v. Leonard, 4 Cranch. 434; Golston v. Hoyt, 13 Johns. 561; McCahill v. Insurance Co. 26 N. J. Eq. 531; Monroe v. Douglass, 4 Sandf. Ch. 134; Bradstreet v. Neptune Ins. Co. 3 Sumner, 600.

Judgments cannot be collaterally assailed: Young v. Thompson, 14 Ill. 380; Hobson v. Ewan, 62 Ill. 146; Goudy v. Hall, 36 Ill. 313; Young v. Lorain, 11 Ill. 625; Conover v. Musgrave, 68 Ill. 58; Osgood v. Blackmore, 59 Ill. 261; Prescott v. Chicago, 60 Ill. 121; Feaster v. Fleming, 56 Ill. 457; Thompson v. Morris, 57 Ill. 333; Rogers v. Higgins, 57 Ill. 244; Kelly v. Donlin, 70 Ill. 378; Chiniquy v. The People, 78 Ill. 570.

Objection that portions of the tax were unconstitutional should have been urged in the court below: Karnes v. The People, 73 Ill. 274.

The records of a court import absolute verity and evidence to prove want of jurisdiction will not be received if the records

affirmatively assert jurisdiction: Zepp v. Hager, 70 Ill. 223; The People v. Gray, 72 Ill. 343; Mulford v. Stalzenback, 46 Ill. 303.

The valuation by the assessor for purposes of taxation is conclusive and cannot be assailed, except for fraud or want of jurisdiction: Spencer v. The People, 68 Ill. 510; Republic Life Ins. Co. v. Pollak, 75 Ill. 292; The People v. Big Muddy Iron Co. 89 Ill. 116.

Defendants failing to show a good title to the premises, their bill cannot be sustained: 1 Daniell's Ch. Pr. 314; Rev. Stat. 1874, Chap. 22, § 50; Harding v. Jones, § 86 Ill. 13; Emery v. Cochran, 82 Ill. 65; Wing v. Sherrer, 77 Ill. 200.

Messrs. MATTOCKS & MASON, for defendants in error ; that a part of the city taxes were illegal, cited Law v. The People, 87 Ill. 385.

Generally as to what will make a tax sale invalid: Cooley on Taxation, 344 ; Blackwell on Tax Titles, 160; McLaughlin v. Thompson, 55 Ill. 249: Elwell v. Shaw, 1 Greenleaf, 339; Drew v. Davis, 10 Vt. 506; Stetson v. Camden, 13 Mass. 272; Kemper v. McClellan, 19 Ohio, 308; Lacy v. Davis, 4 Mich. 140; McQuilkin v. Doe, 8 Blackf. 581; Noble v. Indianapolis, 16 Ind. 506; Dogan v. Griffin, 51 Miss. 782; Pierce v. Schutt, 20 Wis. 423; Treadwell v. Patterson, 51 Cal. 637; Bucknell v. Story, 36 Cal. 67; Hardenberg v. Kidd, 10 Cal. 402; Geekie v. Kirby Carpenter Co. 11 Chicago Legal News, 400.

BAILEY, J.   This was a bill in equity, brought by Christian C. Busse and Edwin Sturtevant, praying that three certificates of sale for the taxes of 1875, of certain lots in the city of Chicago, of which they claim to be seized in fee, be declared void and ordered to be surrendered up and cancelled, and that the county clerk of Cook county be enjoined from executing to Henry H. Gage, the holder of said certificates, a tax-deed thereon.   The cause was heard in the court below on bill, answer, replication and proofs, and a decree rendered in favor of the complainants, in accordance with the prayer of the bill.

The complainant's averments, showing the invalidity of the

sale, are to the effect that a considerable portion of the tax
levied by the city of Chicago for the year 1875 was illegal;
that in the appropriation ordinance and in the ordinance mak-
ing the levy of taxes for that year, there were included certain
illegal items particularly specified in the bill, amounting in all
to the sum of $392,000, and that the tax levy containing such
illegal items was certified to the county clerk of Cook county,
and by him extended, in common with the state, county, school
and other taxes upon the property in question. These aver-
ments were in no way admitted by the answer, and the burden
was on the complainants to sustain them by proof.

The only evidence offered in support of these averments
consisted of a transcript of the proceedings and judgment of
the county court in the matter of the application of the county
treasurer for judgment for the delinquent taxes in said county
for the year 1875, and the judgment and opinion of the Su-
preme Court in the case of Law v. The People *ex rel.*, etc., as
reported in the eighty-seventh volume of the Illinois Reports,
at page 385. These documents were all received in evidence
against the objection of the defendant.

We are unable to perceive how this evidence can be held to
sustain the case made by the bill. The judgment of the county
court does not find that any of the illegal items complained
of were in fact included in the city tax. So far as the com-
plainants' property is concerned, judgment seems to have been
entered without any appearance or objection on their part.
Divers objections, it is true, were filed by other tax-payers and
overruled by the court, but it does not appear that the court,
in adjudicating upon such objections, ascertained or determined
the several items of which the city tax was composed, nor does
the judgment order contain any recital on that subject. What-
ever may have been the objections urged in the county court,
or the evidence introduced in support of such objections, we
know of no principle upon which such objections and evidence
can avail the complainants in this case as proof of their aver-
ments here.

Nor are we able to perceive any legal principle upon which
the statements of fact made by the Supreme Court in their

Gage v. Busse.

opinion, in the case of Law v. The People, etc., can be resorted to by the complainant here as evidence of such facts. None of the parties to this suit were parties to the appeal upon which that opinion was delivered. If it could in any view be regarded as as an adjudication, upon matters of fact, it was not an adjudication between the parties to this suit, and was not binding upon them. But we cannot regard it as in any sense a judicial finding of the facts which are therein recited. An opinion filed by a court upon the decision of any question pending before it, is not a judgment, and becomes no part of the record, but is merely a statement or discussion of the grounds or principles, upon which the judgment of the court is based. It may undoubtedly be resorted to for the purpose of ascertaining the principles of law applicable to that and other similar cases, but it cannot be regarded as being in itself a judicial determination of the questions of fact, which arise in the course of the discussion.

It follows that the averments of the bill in relation to illegal items being included in the city tax, are wholly unsupported by evidence. Nor can the decree be sustained by resorting to the recitals of facts found from the evidence contained in the decree itself. Doubtless had there been no certificate of evidence, those recitals would have been sufficient to support the decree. Such recitals in the decree constitute one of the recognized modes of preserving the evidence in chancery cases. Where, however, there is, as in this case, a certificate of evidence, purporting upon its face to contain all the evidence given by the parties upon the hearing, we must look to the certificate, and to that alone, for the evidence in the case.

Other questions are discussed by counsel, but as the complainants have wholly failed to sustain the averments of their bill, we are disinclined to consider questions which will arise only after proper proofs have been made.

The decree will be reversed, and the cause remanded for further proceedings.

Decree reversed.